# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CESAR AND JOCELYN RECIO,
Guardian ad Litem of J.R., a minor,

    Plaintiffs,

v.

CLARK COUNTY SCHOOL DISTRICT,

    Defendant.

Case No. 2:05-cv-0009-LDG (LRL)

**ORDER**

    The plaintiffs, Cesar and Jocelyn Recio, Guardian ad Litem of J.R., a minor, brought this suit seeking attorney's fees and costs, alleging they are the prevailing party of an administrative proceeding brought against the defendant, Clark County School District, under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1415 *et seq*. Previously, the Recios moved for summary judgment. In considering that motion, the Court determined that the Recios were entitled to attorney's fees as the prevailing party. The court also found that the School District failed to make a written settlement offer more than ten days prior to the hearing. The Court, however, denied the motion for summary judgment because the parties disputed (a) the amount of attorney's fees to which the

Recios were entitled, and (b) whether the Recios were entitled to paralegal fees for the work performed by Cheryl Jung.

The School District now moves for reconsideration (#17), suggesting that the Recios' motion was, in essence, a motion for attorney's fees. As such, the School District suggests that the Court can properly resolve the questions of the amount of fees and whether the Recios are entitled to paralegal fees for the work performed by Jung. The Recios have responded to the motion (#18). In their response, the Recios agree that, as their suit merely seeks an award of attorney's fees under the IDEA, the Court may appropriately resolve the disputed issues of the amount of attorney's fees to which they are entitled and whether they are entitled to paralegal fees for the work performed by Jung in assisting their counsel in the context of their motion for summary judgment and for an award of attorney's fees. Accordingly, the Court will grant the School District's motion to reconsider.

Paralegal Fees

The Recios seek an award of paralegal fees for the assistance that Cheryl Jung provided to their counsel during the administrative proceedings. The School District does not dispute that Jung provided services to the Recios' counsel, but disputes whether Jung is entitled to fees as a paralegal. In their moving papers for summary judgment, the only evidence provided by the Recios that Jung is qualified as a paralegal is their counsel's bare assertion that Jung is her paralegal. While counsel notes that Jung has experience in IDEA advocacy, has served in leadership positions within the special education field, has received awards for her advocacy, and served as a contributing author (at the request of the School District) to a book distributed by the School District, she fails to offer any evidence that Jung is trained and qualified as a paralegal. In opposition, the School District notes that the Recios have not offered evidence that Jung is qualified through education, training or work experience to perform substantive legal work as a paralegal. Recently, in other, unrelated, IDEA attorney's fees litigation, this district denied an award of paralegal

fees for the services performed by Jung, as counsel failed to establish that Jung is qualified as a paralegal.

The court finds that the Recios failed to establish that Jung is qualified to be compensated as a paralegal. Accordingly, the Recios are not entitled to be awarded paralegal fees for the services performed by Jung.

Attorney's Fees

The Recios, as the prevailing party, are entitled to reasonable attorney's fees. *See*, 20 U.S.G. §1415(i)(3)(B). The amount of attorney's fees awarded under the IDEA is determined using a lodestar calculation -- the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See, Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Such fees are to be based upon prevailing rates in the community for the kind and quality of services that were furnished, and no bonus or multiplier is to be used in the calculation. *See*, 20 U.S.G. §1415(i)(3)(G). Further, the amount of fees to be otherwise awarded is to be reduced if it unreasonably exceeds the prevailing hourly rate for similar services by attorneys of reasonably comparable skill, reputation, and experience, or the time spent and legal services provided were excessive considering the nature of the action or proceeding. *See*, 20 U.S.G. §1415(i)(3)(F)(ii, iii). The court has considered the factors relevant to a lodestar calculation. *See, Fischer v. SJB-P.S. Inc.*, 214 F.3d 1115, 1119 n. 3 (9th Cir. 2000); *see also McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 809 (9th Cir. 1994) ("A judge may consider all the factors without talking about all of them because most are not matters on which anything is at issue or needs to be said.")

The Recios request an award of attorney's fees at an hourly rate of $225 for 317 hours of legal services by their counsel, for a total fee award of $71,325.00. In support of this fee request, the Recios have submitted the affidavit of their counsel, Marianne Lanuti, who declares that she was admitted to the Illinois bar in 1990 and the Nevada bar in 2001. She further asserts that she has practiced in the area of special education and other civil

1  rights litigation since 2001.  She asserts that, in May 2001, she charged $175 per hour for
2  services performed prior to a hearing, $200 per hour during a hearing, and $250 for
3  appellate work.  She further asserts that she currently charges $225 for all phases of
4  litigation, and that she charged this rate in this matter based upon the complexity of the
5  issues and the risks of the litigation proceeding to an appeal before the Ninth Circuit.  She
6  asserts an awareness (without reference to specific attorneys) that other private attorneys
7  bill between $250 and $300 per hour while representing special needs children, and that
8  the prevailing rate for public attorneys is $200 per hour.  She further asserts that the rates
9  are much higher in California.  Finally, she declares her belief that she expended a
10 reasonable number of hours because the matter was heavily contested, the administrative
11 hearing was complicated by the number of expert witnesses involved, the considerable
12 amount of work required at the administrative stage, and because the matter involved
13 autism.

    The Recios also submit a September 2002, letter of James Kent, an attorney, addressed "TO WHOM IT MAY CONCERN."  He indicates that he has practiced law in Nevada since 1993, and has practiced (though not exclusively) within the area of special education rights since approximately 1994 or 1995.  He asserts that, for special education matters, he charges $250, $300, or $350 per hour depending upon whether the work occurs prior to or during a hearing, or subsequent to an appeal being filed.

    The Recios also submit a 2003 affidavit of Niels L. Pearson, an attorney.  Pearson asserts that he has practiced in Nevada since 1973.  He further states that, in a Rehabilitation Act case in which a settlement agreement was reached with the School District, he disclosed to the School District that the matter was being settled based on his billing attorney's fees at $250 per hour.

    Finally, the Recios submit the declaration of Daniel Ebihara, an attorney employed by Clark County Legal Services Program, Inc.  Ebihara asserts that, for approximately one

year, that office has billed the School District at a rate of $200 per hour for attorney's fees, regarding matters in which Clark County Legal Services Program successfully represented parents in special education cases.

In response, the School District notes that counsel for Recios indicates that she began practicing in the special education area in 2001, and that she has not provided any indication of her legal experience prior to 2001. The School District also offers the affidavit of C. W. Hoffman, an attorney employed by the School District. He indicates that his job duties include reviewing attorney fee requests. He asserts that, since 2001, the School District has regularly compensated attorney fees for work performed by Clark County Legal Services and the Nevada Disability and Advocacy Law Center at a rate of $150 per hour. He further notes that, in other IDEA litigation fees in which Lanuti appeared as counsel (including two matters before the undersigned), during the same time period for which the Recios now seek an award of attorney's fees, the court determined that an hourly rate of $150 or $175 per hour was reasonable for Lanuti's legal services.

The court would note that, in the two prior litigations before this court, Lanuti filed the same declarations in support of a request for an hourly fee of $225 that she has filed in this matter. The court determined that a reasonable hourly fee would be $175.

The court again finds that a reasonable hourly fee for the legal services of Lanuti is be $175 per hour.

Given that the administrative hearing in this matter occurred over a period of twelve days, it is unsurprising that the Recios request an award for a significant number of hours. Nevertheless, the request for an award covering 317 hours, or nearly 8 full 40 hour work-weeks, of legal services warrants careful scrutiny to ensure that the number of hours expended, while substantial, is not excessive.

The School District suggests that a request for 37.5 hours of legal research and writing is excessive, and should be reduced by ten hours. The court disagrees, and will award the full amount requested for legal research and writing.

The School District suggests that, in this matter, a request of about 64 hours for document review is excessive. The School District notes that a significant portion of the document review was spent reviewing transcripts of hearings that Lanuti attended. The School District suggests that the number of hours spent on document review should be reduced by 19.75 hours, for a total of 45.25 hours. The court agrees that the amount of time reviewing transcripts of hearings attended by Lanuti is excessive, but will reduce the number of hours by ten hours.

Finally, the School District suggests that the request for 71.25 hours for hearing preparation is excessive, given that counsel has also billed 90 hours for attending the hearings and over 15 hours for consulting with experts. That counsel was required to attend twelve days of hearings, requiring the billing of 90 hours (to which the School District does not object) suggests that a significant number of hours would be required to prepare for those hearings. The Court cannot agree with the School District that the number of hours spent preparing for hearings should be reduced by 36.25 hours. Nevertheless, the Court will reduce the number of hours preparing for hearings by ten hours.

Accordingly, the court will award the Recios attorney's fees for 297 hours at an hourly rate of $175, for an award of $51,975. The court finds that this is a reasonable award of attorney's fees, and does not represent an unreasonable hourly rate or an unreasonable number of hours expended on legal services. Therefore,

THE COURT **ORDERS** that Defendant's Motion for Reconsideration (#17) is GRANTED;

THE COURT FURTHER **ORDERS** that Plaintiffs' Motion for Summary Judgment and for an order awarding reasonable attorney's fees and costs is GRANTED in the amount of $51,975 as set forth above.

DATED this __26__ day of October, 2006.

_____
Lloyd D. George
United States District Judge